## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

KEVIN SOARES, Individually and as Parent and )
Next Friend of LANDON R. SOARES-TEDROW, )
     Plaintiffs, )
     )
v. )
     )
PROSPECT CHARTERCARE SJHSRI, LLC )
d/b/a OUR LADY OF FATIMA HOSPITAL; )
INTERNAL MEDICINE ASSOCIATES, )
INC. d/b/a GASTROINTESTINAL )    C.A. No.:
MEDICINE ASSOCIATES, INC.; )
RHODE ISLAND MEDICAL IMAGING, INC.; )
ATWOOD MEDICAL ASSOCIATES, LTD.; )
ROBERT WOLFGANG, D.O.; )
THOMAS MCGREEN, M.D.; )
PAUL RODERICK, M.D.; SCOTT LEVINE, M.D.;)
LALITHA KODURI, M.D.: )
and IBRAHEM SALLOUM, M.D., )
     Defendants. )

## INTRODUCTION

NOW COMES the Plaintiff, Kevin Soares, individually and as parent and next friend of Landon R. Soares-Tedrow, by counsel, and files this Complaint against Prospect Chartercare SJHSRI, LLC. d/b/a Our Lady of Fatima Hospital, Internal Medicine Associates, Inc. d/b/a Gastrointestinal Medicine Associates, Inc., Rhode Island Medical Imaging, Inc., Atwood Medical Associates, Ltd., Robert Wolfgang, D.O., Thomas McGreen, M.D., Paul Roderick, M.D., Scott M. Levine, M.D., Lalitha Koduri, M.D., Ibrahem Salloum, M.D., and states in support as follows:

## PARTIES

1. Plaintiff, Kevin Soares ("Soares"), is a resident of Swansea, Bristol County, Massachusetts.

2. Plaintiff, Landon R. Soares-Tedrow ("Landon"), a minor, is a resident of Swansea, Bristol County, Massachusetts.

3. Defendant Prospect Chartercare SJHSRI, LLC. d/b/a Our Lady of Fatima Hospital (hereinafter "Chartercare") upon information and belief is a limited liability corporation existing under the laws of the State of Rhode Island with a principle place of business in Los Angeles, California. At all times mentioned herein, said Defendant was engaged in the provision and procurement of medical and hospital services in the State of Rhode Island.

4. Defendant Internal Medicine Associates, Inc. d/b/a Gastrointestinal Medicine Associates, Inc. ("GMA") upon information and belief is a corporation existing under the laws of the State of Rhode Island with a principle place of business in Cranston, Rhode Island. At all times mentioned herein, said Defendant was engaged in the provision and procurement of medical and hospital services in the State of Rhode Island.

5. Defendant Rhode Island Medical Imaging, Inc. ("RIMI") upon information and belief is a corporation existing under the laws of the State of Rhode Island with a principle place of business in East Providence, Rhode Island. At all times mentioned herein, said Defendant was engaged in the provision and procurement of medical and hospital services in the State of Rhode Island.

6. Defendant Atwood Medicine Associates, Ltd. ("Atwood") upon information and belief is a corporation existing under the laws of the State of Rhode Island with a principle place of business in Johnston, Rhode Island. At all times mentioned herein, said Defendant was engaged in the provision and procurement of medical and hospital services in the State of Rhode Island.

7. Defendant Robert Wolfgang, D.O. ("Wolfgang") upon information and belief is a citizen and resident of Rhode Island. At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of

gastroenterology.  At all times mentioned herein, Defendant Wolfgang was and is an employee, agent, apparent agent and/or servant of Chartercare and/or GMA.

8.  Defendant Thomas McGreen, M.D. ("McGreen") upon information and belief is a citizen and resident of Rhode Island.  At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of gastroenterology.  At all times mentioned herein, Defendant McGreen was and is an employee, agent, apparent agent and/or servant of Chartercare and/or GMA.

9.  Defendant Paul Roderick, M.D. ("Roderick") upon information and belief is a citizen and resident of Rhode Island.  At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of gastroenterology.  At all times mentioned herein, Defendant Roderick was and is an employee, agent, apparent agent and/or servant of Chartercare and/or GMA.

10.  Defendant Scott Levine, M.D. ("Levine") upon information and belief is a citizen and resident of Rhode Island.  At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of radiology.  At all times mentioned herein, Defendant Levine was and is an employee, agent, apparent agent and/or servant of Chartercare and/or RIMI.

11.  Defendant Lalitha Koduri, M.D. ("Koduri") upon information and belief is a citizen and resident of Rhode Island.  At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of internal medicine. At all times mentioned herein, Defendant Koduri was and is an employee, agent, apparent agent and/or servant of Chartercare and/or Atwood.

12. Defendant Ibrahem Salloum M.D. ("Salloum") upon information and belief is a citizen and resident of Rhode Island.  At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of internal medicine.  At all times mentioned herein, Defendant Salloum was and is an employee, agent, apparent agent and/or servant of Chartercare and/or Atwood.

## JURISDICTION

13. Plaintiff brings this Complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## FACTS

14. On Monday January 4, 2016 Soares presented to the Emergency Department at Our Lady of Fatima Hospital.

15. In the Emergency Department, Soares complained of severe epigastric pain rated at 10 out of 10 and vomiting since Saturday night.

16. Soares was placed in the Emergency Department physician observation status for treatment and evaluation of abdominal pain, nausea, and vomiting.

17. After multiple doses of Morphine, Plaintiff, Soares, was still experiencing pain 10 out of 10.

18. Soares' pain medication was switched to Dilaudid, after the Morphine was unable to control the pain

19. Soares' white blood cell count was 22.1 in the Emergency Department and remained elevated throughout his stay at Our Lady of Fatima Hospital.

20. Soares' lactic acid level was 4.0 in the Emergency Department.

21. Soares was admitted to the Our Lady of Fatima Hospital on January 4, 2016.

22. A CT Scan of the Abdomen and Pelvis with contrast was ordered on January 4, 2016.

23. The CT scan was performed on January 4, 2016.

24. After being admitted, Soares' care was transferred to Defendant, Koduri, who performed an examination of Soares.

25. At that time, Defendant, Koduri, performed a physical exam of Soares' abdomen and found physical findings to explain the 10 out of 10 abdominal pain.

26. Defendant, Koduri, noted that Soares was "admitted with abdominal pain with nausea and vomiting, question etiology."

27. Defendant, Koduri, did not consider ischemia as a cause for Soares' symptoms at any time during her treatment of Soares.

28. At no time during her treatment of Soares did Defendant, Koduri, rule out ischemia.

29. On January 5, 2016, Defendant, Koduri, requested a gastroenterology consultation from Defendant, GMA, due to intractable abdominal pain.

30. At no time did Defendant, Koduri, request a surgical consult for the pain out of proportion to the physical findings made by Defendant, Koduri.

31. On January 5, 2016, Defendant, Wolfgang, from GMA performed the consultation.

32. Defendant, Wolfgang, took a history of Soares, which included acute onset of severe abdominal pain.

33. Defendant, Wolfgang, examined Soares' abdomen and noted that he found normal bowel sounds, no rebound, no guarding, and minimal tenderness in the left upper quadrant with some slight tympany in the left upper quadrant.

34. Defendant, Wolfgang, made no physical findings to explain Soares' severe abdominal pain.

35. Based on information and belief, Defendant, Wolfgang, reviewed the results of the January 4, 2016 CT Scan.

36. Defendant, Wolfgang, considered an ischemic condition in his differential diagnosis.

37. Defendant, Wolfgang, did not rule out an ischemic condition.

38. An ischemic condition to the small bowel is a medical emergency.

39. An ischemic condition to the small bowel requires prompt medical treatment.

40. Based on information and belief, at no time during his treatment of Soares did Defendant, Wolfgang, make a surgical consultation to investigate Soares' abdominal pain that was out of proportion to the doctor's physical findings.

41. Based on information and belief, at no time during his treatment of Soares did Defendant, Wolfgang, request a surgical consult to rule out ischemia.

42. On January 6, 2016 Defendant, McGreen, from GMA examined Soares.

43. Defendant, McGreen, examined Soares' abdomen and found tender left lower quadrant and no other abnormalities.

44. Defendant, McGreen, did not consider ischemia as a cause for Soares' symptoms.

45. Defendant, McGreen, did not rule out ischemia as a cause for Soares' symptoms.

46. A small bowel follow through was performed on January 6, 2016.

47. As of the date of the small bowel follow through Soares' small bowel was not reported as necrotic.

48. As of the date of the small bowel follow through, Soares' small bowel was not reported as perforated.

49. On January 7, 2016, Defendant, Roderick, from GMA examined Soares.

50. Defendant, Roderick, examined Soares' abdomen and noted that Soares had "normal bowel sounds (decr BS), No Tenderness (sl lt sided tenderness), No Hepatospenaomegaly, No Masses, Non Distended (sl distended)."

51. Defendant, Roderick, also noted that Soares was "still with Lt sided abdom discomfort.  Still no flatus but a lot of belching."

52. Defendant, Roderick, did not consider ischemia as a cause for Soares' symptoms.

53. Defendant, Roderick, did not rule out ischemia as a cause for Soares' symptoms.

54. The small bowel follow through that was performed on January 6, 2016 was not read until January 8, 2016 by Defendant, Levine.

55. The small bowel follow through showed loops of dilated small bowel in the left upper quadrant.

56. Defendant, Levine, did not include the dilated small bowel loops in his report.

57. There was "markedly delayed small bowel transit time" in the small bowel follow through.

58. X-rays were ordered of the abdomen in the early morning of January 8, 2016 due to "intractable vomiting/abdominal pain".

59. The x-rays were taken of Soares' abdomen on January 8, 2016.

60. The x-rays showed that the bowel was dilated.

61. The x-rays also showed significant residual contrast in the small bowel.

62. On January 10, 2016 Defendant, Salloum, examined Soares.

63. At that time Defendant, Salloum, found that Soares had abdominal pain with nausea and vomiting.

64. Based on information and belief Defendant, Salloum, reviewed the CT Scan of January 4, 2016.

65. Based on information and belief Defendant, Salloum, reviewed, the small bowel follow through conducted on January 6, 2016 and the abdominal x-rays.

66. Defendant, Salloum, considered an ischemic condition.

67. Defendant, Salloum, did not follow up on his differential diagnosis of ischemic condition.

68. Defendant, Salloum, did not request a surgical consultation to investigate the cause of Soares' abdominal pain that was out of proportion to physical findings.

69. On January 12, 2016, a colonoscopy was performed.

70. The colonoscopy was interpreted to show a fecal impaction as the cause of Soares' abdominal pain.

71. Soares was discharged from Our Lady of Fatima Hospital on January 13, 2016 at 1526 hours.

72. Upon discharge, Soares was diagnosed with abdominal pain, due to severe constipation and fecal impaction, leukocytosis with unknown etiology.

73. The discharge plan included a laxative program and Soares was told to follow up with Defendant, Wolfgang, in one month for a GERD follow up.

74. On the night of January 14, 2016, Soares presented to the Emergency Department at Rhode Island Hospital with abdominal pain.

75. A CT Scan of the abdomen/pelvis was performed and revealed a thrombus in the superior mesenteric artery and ischemic bowel.

76. Less than six hours after his admission, Soares underwent an emergent thrombectomy.

77. The findings of the initial surgery included perforated bowel, necrotic small bowel and large bowel and a thrombus in the superior mesenteric artery.

78. Soares had six surgical procedures, including multiple small bowel resections, during his admission at Rhode Island Hospital.

79. Soares was left with only 26 cm of small bowel, leaving him with a condition known as short gut, which requires him to receive all of his nutrition via Total Parenteral Nutrition (TPN).

80. As a direct and proximate result of Defendants' negligence, Soares is severely and permanently disabled.

## COUNT I - NEGLIGENCE
### Chartercare

81. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82. On or about January 4, 2016 through January 13, 2016 Defendant, Chartercare, undertook for a valuable consideration to diagnose, treat and care for the Plaintiff, Soares.

83. It then and there became and was the duty of said Defendant, Chartercare, through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of the Plaintiff, Soares.

84. Nevertheless, Defendant, Chartercare, disregarded its duty as aforesaid and, through its agents, apparent agents, servants, employees, shareholders, and/or partners, failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and were otherwise negligent in its diagnosis, treatment, care and testing of the Plaintiff, Soares.

85. As a direct and proximate result of Defendant Chartercare's negligence as aforesaid, the Plaintiff Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

86. By reason of the foregoing, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

87. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff , Soares, individually and as parent and next friend of Landon, demands judgment against Defendant Chartercare in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT II – CORPORATE LIABILITY
### Chartercare

88. The Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 80 of this Complaint as if fully set forth herein.

89. It then and there became and was the duty of Defendant, Chartercare, to provide quality medical care to the Plaintiff, Soares, to exercise reasonable care in adapting and enforcing policies, procedures, protocols, and guidelines and in granting credentials and privileges to those medical care providers providing care and treatment within the hospital, to protect their safety, and to protect the Plaintiff, Soares, from incompetent and/or negligent treatment, and to train, assign and supervise staff, and to otherwise exercise reasonable care for the Plaintiff, Soares' protection and well-being.

90. Nevertheless, Defendant, Chartercare, negligently disregarded its duties as aforesaid in that it failed to properly train, assign, supervise, and/or credential its medical staff, and failed to promulgate and enforce policies and procedures to insure the delivery of ordinary hospital care, and otherwise failed to discharge its responsibilities as a hospital to Plaintiff, Soares.

91. As a direct and proximate result of Defendant Chartercare's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a

loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

92. By reason of the foregoing, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

93. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Chartercare, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT III – VICARIOUS LIABILITY
### Chartercare

94. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 and Counts XII – XVII of this Complaint as if fully set forth herein.

95. Defendants, Wolfgang, McGreen, Roderick, Levine, Koduri and Salloum were employees, agents and/or servants of Defendant, Chartercare, and were acting within the scope of their employment at all times relevant hereto.

96. Defendant, Chartercare, was at all times relevant vicariously responsible for the acts of its agents and servants including, but not limited to, the acts of Defendants, Wolfgang, McGreen, Roderick, Levine, Koduri and Salloum as set forth.

97. As a direct and proximate result of Defendant, Chartercare's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has

and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

98. By reason of the foregoing, Plaintiff, Soares, has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

99. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

      WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Chartercare, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT IV– NEGLIGENCE
**Internal Medical Associates, Inc. d/b/a Gastrointestinal Associates, Inc.**

100. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

101. On or about January 5, 2016 through January 13, 2016 Defendant, GMA, undertook for a valuable consideration to diagnose, treat and care for the Plaintiff, Soares.

102. It then and there became and was the duty of said Defendant, GMA, through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of the Plaintiff, Soares.

103. Nevertheless, Defendant, GMA, disregarded its duty as aforesaid and, through its agents, apparent agents, servants, employees, shareholders, and/or partners failed to properly diagnose

and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and

was otherwise negligent in its diagnosis, treatment, care and testing of the Plaintiff, Soares.

104. As a direct and proximate result of Defendant, GMA's  negligence as aforesaid, the Plaintiff,

Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and

will endure in the future extreme mental pain and suffering, emotional distress, has and will in

the future be unable to perform his usual activities, has and will continue to suffer a loss of

earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are

permanent, and has been otherwise permanently damaged.

105. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages,

including extraordinary damages, resulting in the need for and resulting expense for medical

and nursing treatment, medicines, hospitalization, therapy, and the like.

106. By reasons of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss

of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon,

demand judgment against Defendant, GMA, in an amount exceeding the jurisdictional minimum

of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair

and just.

## COUNT V – CORPORATE LIABILITY
### Internal Medical Associates, Inc. d/b/a Gastrointestinal Associates, Inc.

107. The Plaintiffs restate and reallege the allegations set forth in paragraphs 1 – 80, 101 and 102 of

this Complaint as if fully set forth herein.

108. It then and there became and was the duty of Defendant, GMA, to provide quality medical care

to the Plaintiff, Soares, to exercise reasonable care in adapting and enforcing policies,

procedures, protocols, and guidelines and in granting credentials and privileges to those

medical care providers providing care and treatment within the hospital, to protect their safety, and to protect the Plaintiff, Soares, from incompetent and/or negligent treatment, and to train, assign and supervise staff, and to otherwise exercise reason care for the Plaintiff, Soares' protection and well-being.

109. Nevertheless, Defendant, GMA, negligently disregarded its duties as aforesaid in that it failed to properly train, assign, supervise, and/or credential its medical staff, and failed to promulgate and enforce policies and procedures to insure the delivery of ordinary hospital care, and otherwise failed to discharge its responsibilities as a hospital to Plaintiff Soares.

110. As a direct and proximate result of Defendant, GMA's negligence as aforesaid, the Plaintiff, Soares suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

111. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

112. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, GMA, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

14

## COUNT VI – VICARIOUS LIABILITY
### Internal Medical Associates, Inc. d/b/a Gastrointestinal Associates, Inc.

113. The Plaintiffs restate and reallege the allegations set forth in Paragraphs 1 – 80 and Counts XII - XIV of this Complaint as if fully set forth herein.

114. Defendants, Wolfgang, McGreen, and Roderick were employees, agents and/or servants of Defendant, GMA, and were acting within the scope of their employment at all times relevant hereto.

115. Defendant, GMA, was at all times relevant vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of Defendants, Wolfgang, McGreen, and Roderick.

116. As a direct and proximate result of Defendant, GMA's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

117. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

118. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, GMA, in an amount exceeding the jurisdictional

minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT VII– NEGLIGENCE
### Rhode Island Medical Imagining

119. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 80 of this Complaint as if fully set forth herein.

120. On or about January 4, 2016 through January 13, 2016 Defendant, RIMI, undertook for a valuable consideration to diagnose, treat and care for the Plaintiff, Soares.

121. It then and there became and was the duty of said Defendant, RIMI, through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of the Plaintiff, Soares.

122. Nevertheless, Defendant, RIMI, disregarded its duty as aforesaid and, through its agents, apparent agents, servants, employees, shareholders, and/or partners failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and was otherwise negligent in its diagnosis, treatment, care and testing of the Plaintiff, Soares.

123. As a direct and proximate result of Defendant, RIMI's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

124. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

125. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, RIMI, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT VIII – CORPORATE LIABILITY
### Rhode Island Medical Imaging, Inc.

126. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 80, 120 and 121 as if set forth in full herein.

127. It then and there became and was the duty of Defendant, RIMI, to provide quality medical care to the Plaintiff, Soares, to exercise reasonable care in adapting and enforcing policies, procedures, protocols, and guidelines and in granting credentials and privileges to those medical care providers providing care and treatment within the hospital, to protect their safety, and to protect the Plaintiff, Soares, from incompetent and/or negligent treatment, and to train, assign and supervise staff, and to otherwise exercise reasonable care for the Plaintiff, Soares' protection and well-being.

128. Nevertheless, Defendant, RIMI, negligently disregarded its duties as aforesaid in that it failed to properly train, assign, supervise, and/or credential its medical staff, and failed to promulgate and enforce policies and procedures to insure the delivery of ordinary hospital care, and otherwise failed to discharge its responsibilities as a hospital to Plaintiff, Soares.

129. As a direct and proximate result of Defendant, RIMI's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in

the future be unable to perform his usual activities, has and will continue to suffer a loss of

earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are

permanent, and has been otherwise permanently damaged.

130. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages,

including extraordinary damages, resulting in the need for and resulting expense for medical

and nursing treatment, medicines, hospitalization, therapy, and the like.

131. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of

services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff Soares, individually and as parent and next friend of Landon,

demands judgment against Defendant, RIMI, in an amount exceeding the jurisdictional minimum

of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair

and just.

## COUNT VIII - VICARIOUS LIABILITY
### Rhode Island Medical Imaging

132. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 -80 and Count XV of

the Complaint as if fully set forth herein.

133. Defendant, Levine, was an employee, agent and/or servant of Defendant, RIMI, and was acting

within the scope of his employment at all times relevant hereto.

134. Defendant, RIMI, was at all times relevant vicariously responsible for the acts of its agents and

servants, including, but not limited to, the acts of Defendant, Levine.

135. As a direct and proximate result of Defendant, RIMI's negligence as aforesaid, the Plaintiff,

Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and

will endure in the future extreme mental pain and suffering, emotional distress, has and will in

the future be unable to perform his usual activities, has and will continue to suffer a loss of

earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

136. By reason of the foregoing, Plaintiff, Soares, has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

137. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demand judgment against Defendant, RIMI, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT IX– NEGLIGENCE
### Atwood Medical Associates, Ltd.

138. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

139. On or about January 4, 2016 through January 13, 2016 Defendant, Atwood, undertook for a valuable consideration to diagnose, treat and care for the Plaintiff, Soares.

140. It then and there became and was the duty of said Defendant, Atwood, through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of the Plaintiff, Soares.

141. Nevertheless, Defendant,  Atwood, disregarded its duty as aforesaid and, through its agents, apparent agents, servants, employees, shareholders, and/or partners failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and were otherwise negligent in its diagnosis, treatment, care and testing of the Plaintiff, Soares..

142. As a direct and proximate result of Defendant, Atwood's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

143. By reason of the foregoing, Plaintiff, Soares, has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

144. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Atwood, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT XI  - CORPORATE LIABILITY
### Atwood Medical Associates, Ltd.

145. The Plaintiffs repeat and reallege the allegations set forth paragraphs 1 – 80, 139 and 140 of this Complaint as if fully set forth herein.

146. It then and there became and was the duty of Defendant, Atwood, to provide quality medical care to the Plaintiff, Soares, to exercise reasonable care in adapting and enforcing policies, procedures, protocols, and guidelines and in granting credentials and privileges to those medical care providers providing care and treatment within the hospital, to protect their safety, and to protect the Plaintiff from incompetent and/or negligent treatment, and to train, assign and

supervise staff, and to otherwise exercise reasonable care for the Plaintiff, Soares' protection and well-being.

147. Nevertheless, Defendant, Atwood, negligently disregarded its duties as aforesaid in that it failed to properly train, assign, supervise, and/or credential its medical staff, and failed to promulgate and enforce policies and procedures to insure the delivery of ordinary hospital care, and otherwise failed to discharge its responsibilities as a hospital to Plaintiff, Soares.

148. As a direct and proximate result of Defendant, Atwood's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

149. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

150. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Atwood, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT XI – VICARIOUS LIABILITY
### Atwood Medical Associates, Ltd.

151. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 and Counts XVI and XVII of this Complaint as if set forth in full herein.

152. Defendants, Koduri and Salloum, were employees, agents and/or servants of Defendant, Atwood, and were acting within the scope of their employment at all times relevant hereto.

153. Defendant, Atwood, was at all times relevant vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of Defendants, Koduri and Salloum.

154. As a direct and proximate result of Defendant, Atwood's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

155. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

156. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff Soares, individually and as parent and next friend of Landon, demand judgment against Defendant, Atwood, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT XII – NEGLIGENCE
### Robert Wolfgang D.O.

157. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

158. On or about January 5, 2016 and thereafter, Defendant, Wolfgang, undertook for a valuable consideration to diagnose, treat, care and test the Plaintiff, Soares

159. It then and there became and was the duty of said Defendant, Wolfgang, to exercise that degree of due diligence and skill required of the average physician engaged in the practice of gastroenterology.

160. Nevertheless, Defendant, Wolfgang, disregarded his duty as aforesaid and failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and was otherwise negligent in his diagnosis, treatment, care and testing of the Plaintiff, Soares.

161. As a direct and proximate result of Defendant Wolfgang's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

162. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

163. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Wolfgang, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT XIII – NEGLIGENCE
### Thomas McGreen M.D.

164. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

165. On or about January 5, 2016 and thereafter, Defendant, McGreen undertook for a valuable consideration to diagnose, treat, care and test the Plaintiff, Soares.

166. It then and there became and was the duty of said Defendant, McGreen to exercise that degree of due diligence and skill required of the average physician engaged in the practice of gastroenterology.

167. Nevertheless, Defendant, McGreen disregarded his duty as aforesaid and failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and was otherwise negligent in his diagnosis, treatment, care and testing of the Plaintiff, Soares.

168. As a direct and proximate result of Defendant, McGreen's negligence as aforesaid, the Plaintiff Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

169. By reason of the foregoing, Plaintiff, Soares, has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

170. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon demands judgment against Defendant, McGreen in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

### COUNT XIV – NEGLIGENCE
### Paul Roderick, M.D.

171. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

172. On or about January 5, 2016 and thereafter, Defendant, Roderick, undertook for a valuable consideration to diagnose, treat, care and test the Plaintiff, Soares.

173. It then and there became and was the duty of said Defendant, Roderick, to exercise that degree of due diligence and skill required of the average physician engaged in the practice of gastroenterology.

174. Nevertheless, Defendant Roderick disregarded his duty as aforesaid and, failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and was otherwise negligent in his diagnosis, treatment, care and testing of the Plaintiff, Soares.

175. As a direct and proximate result of Defendant, Roderick's negligence as aforesaid, the Plaintiff Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and

will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

176. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

177. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Roderick, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT XV – NEGLIGENCE
### Scott Levine, M.D.

178.  The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

179. On or about January 6, 2016 and thereafter, Defendant, Levine undertook for a valuable consideration to diagnose, treat, care and test the Plaintiff, Soares.

180. It then and there became and was the duty of said Defendant, Levine, to exercise that degree of due diligence and skill required of the average physician engaged in the practice of radiology.

181. Nevertheless, Defendant, Levine disregarded his duty as aforesaid and, failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff,

Soares, and was otherwise negligent in his diagnosis, treatment, care and testing of the Plaintiff,

Soares.

182. As a direct and proximate result of Defendant, Levine's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

183. By reason of the foregoing, Plaintiff, Soares, has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

184. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demand judgment against Defendant, Levine, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT XVI – NEGLIGENCE
### Lalitha Koduri, M.D.

185. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

186. On or about January 5, 2016 and thereafter, Defendant, Koduri, undertook for a valuable consideration to diagnose, treat, care and test the Plaintiff, Soares.

187. It then and there became and was the duty of said Defendant, Koduri, to exercise that degree of due diligence and skill required of the average physician engaged in the practice of Internal Medicine.

188. Nevertheless, Defendant, Koduri, disregarded her duty as aforesaid and, failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares, and was otherwise negligent in her diagnosis, treatment, care and testing of the Plaintiff, Soares.

189. As a direct and proximate result of Defendant, Koduri's negligence as aforesaid, the Plaintiff Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

190. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

191. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Koduri, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

## COUNT XVII – NEGLIGENCE
**Ibrahem Salloum, M.D.**

192. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 – 80 of this Complaint as if fully set forth herein.

193. On or about January 5, 2016 and thereafter, Defendant, Salloum, undertook for a valuable consideration to diagnose, treat, care and test the Plaintiff, Soares.

194. It then and there became and was the duty of said Defendant, Salloum, to exercise that degree of due diligence and skill required of the average physician engaged in the practice of Internal Medicine.

195. Nevertheless, Defendant, Salloum, disregarded his duty as aforesaid and failed to properly diagnose and test and failed to render adequate, proper and necessary treatment to Plaintiff, Soares and was otherwise negligent in his diagnosis, treatment, care and testing of the Plaintiff, Soares.

196. As a direct and proximate result of Defendant, Salloum's negligence as aforesaid, the Plaintiff, Soares, suffered severe injuries to his mind, body, nerves and nervous system, has endured and will endure in the future extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has and will continue to suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which are permanent, and has been otherwise permanently damaged.

197. By reason of the foregoing, Plaintiff, Soares has incurred and will in the future incur damages, including extraordinary damages, resulting in the need for and resulting expense for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

198. By reason of the foregoing, Plaintiff, Landon, has suffered and will continue to suffer the loss of services, companionship, comfort and consortium of his parent, Soares.

WHEREFORE, Plaintiff, Soares, individually and as parent and next friend of Landon, demands judgment against Defendant, Salloum in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems fair and just.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUE SO TRIABLE

Dated: June 22, 2017

Respectfully submitted
The Plaintiffs,
By their counsel,


/s/ Brian N. Goldberg, Esq.
Brian N. Goldberg  (#7585)
Stephanie S. Berry (#7443)
TANG & MARAVELIS, P.C.
3970 Post Road, Suite 7
Warwick, RI 02886
(401) 398-8394
bgoldberg@tangmaravelis.com
sberry@tangmaravelis.com