UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEVIN SOARES, individually and as )
Parent and Next Friend of LANDON )
R. SOARES-TEDROW, )
    Plaintiff, )
)
v. ) C.A. No. 17-306-JJM-LDA
)
PROSPECT CHARTERCARE )
SJHSRI, LLC, et al., )
    Defendants. )
)

## ORDER

Twenty-five years ago, the Rhode Island Supreme Court set forth straightforward rules of conduct for counsel during depositions. *Kelvey v. Coughlin*, 625 A.2d 775, 777 (R.I. 1993). Those rules remain as applicable and relevant today as they were in 1993. The five *Kelvey* rules are:

1. Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to times, dates, documents, testimony, and the like.

2. Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

3. Counsel shall refrain from directing the deponent not to answer any questions submitted unless the question calls for privileged information.

4. Counsel shall refrain from dialogue on the record during the course of the deposition.

5. If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply

to the court in which the case is pending, or the court in which the case will be brought, for an immediate ruling and remedy. Where appropriate, sanctions should be considered.

*Id.*

This Court believes that the *Kelvey* rules are entirely in keeping with Federal Rule of Civil Procedure 30[1] and adopts them as appropriate guidelines for conducting depositions in federal court cases.

Plaintiff here moves to compel the deposition testimony of Defendants McGreen and Wolfgang, arguing that certain objections made by Defendants' counsel were improperly suggestive, and that Defendants' counsel inappropriately instructed the deponents not to answer certain questions.

*Suggestive Objections*

Plaintiff's motion points to several instances where Defendants' counsel posed suggestive comments during an objection, including the following:

> Q. And, typically, Doctor, during your residency and your fellowship, what kind of radiograph would be ordered if there was a differential diagnosis of bowel ischemia?
>
> DEFENDANTS' COUNSEL: Objection. If you remember back then. Not talking about what you would think today.
>
> A. Yeah, I have to take each case as it comes along, so depends on my clinical suspicion what test I would order.
>
> \*   \*   \*

---

[1] Specifically, Rule 30 states in part that: "An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

> Q. Are you familiar with small bowel transplant operations. Do you understand they happen and exist?
>
> DEFENDANTS' COUNSEL: You can answer that yes or no.
>
> A. Yes.
>
> Q. As a gastroenterologist, do you have any knowledge as to whether or not a patient who undergoes a small bowel transplant, whether or not that patient's life expectancy is diminished?
>
> DEFENDANTS' COUNSEL: You can answer yes or no if you have knowledge about that?
>
> A. I don't have a specific knowledge about small bowel transplant. I don't follow any patients with that condition who have ever had that surgery.

ECF No. 56-3 at 17, 155.

These comments by Defendants' counsel suggested to the deponent the answer he wanted from his client. For example, Defendants' counsel stated, "if you have knowledge about that," and the deponent mimicked back, "I don't have a specific knowledge about small bowel transplant."

*Instructions Not to Answer*

The Plaintiff also argues that the Court should compel the deponents to respond to certain questions they were instructed not to answer by Defendants' counsel. Defendants assert that because Rhode Island law "protects physicians from being compelled to provide expert opinion testimony" (ECF No. 58-1 at 11), their counsel properly objected to many of Plaintiff's counsel's questions because the

3

information sought was "privileged." *See Sousa v. Chaset*, 519 A.2d 1132, 1136 (R.I. 1987) (citing *Ondis v. Pion*, 497 A.2d 13, 18 (R.I. 1985)).

The problem with Defendants' argument is multi-fold. First, the deponents were the Defendants who were being asked about treatment of their patients; this is a far cry from the state court's concern about "involuntary servitude" by unwilling expert witnesses. *Ondis*, 497 A.2d at 18. Second, many of the questions posed by Plaintiff's counsel did not seek "expert" opinions. Third, it is unclear that the prohibition on compelling expert testimony is a "privilege" as that term is used in *Kelvey*. Therefore, the proper way to proceed would be for Defendants' counsel to object and to allow the deponent to answer the question. The Court could then review a motion concerning the objections at the appropriate time.

For all of these reasons, the Court GRANTS Plaintiff's Motion to Compel (ECF No. 56) and orders that the depositions be reconvened and that all counsel conduct themselves in conformity with the *Kelvey* rules as enunciated herein. The Court denies Plaintiff's request for fees and costs.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

July 19, 2018